FILED
SUPERIOR COURT
OF GUAM

2018 JAN 30 PM 1: 09

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DR. MICHAEL EHLERT,<br><br>                 Petitioner,<br><br>v.<br><br>UNIVERSITY OF GUAM, ROBERT UNDERWOOD PRESIDENT UNIVERSITY OF GUAM IN HIS OFFICIAL CAPACITY, AND UNIVERSTIY OF GUAM FACULTY UNION LOCAL 6282,<br><br>                 Respondents. | SPECIAL PROCEEDINGS CASE NO. SP 0150-17<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 26, 2018, after the Court's order for briefing regarding the Court's jurisdiction. Petitioner Dr. Michael Ehlert was represented by Attorney Daniel Somerfleck. Respondents University of Guam and Dr. Robert Underwood, in his official capacity as President of the University of Guam, were represented by Attorney Mitch Thompson. Respondent University of Guam Faculty Local 6282 was represented by Attorney Braddock Huesman. For the reasons set forth below, the Court finds that the Court lacks subject-matter jurisdiction and the Court DENIES and DISMISSES with prejudice Petitioner's Alternative Writ of Mandate.

## BACKGROUND

Petitioner was a tenured Associate Professor of Psychology at the University of Guam since May 2005. On January 20, 2015, Petitioner received a Notice of Proposed Adverse Action

from the University of Guam ("University") and on March 16, 2015, Petitioner received a Notice of Adverse Action placing Petitioner on administrative leave without pay. On July 31, 2017, a jury found Petitioner guilty of one count of third-degree criminal sexual conduct as a felony and one count of attempted third-degree criminal sexual conduct as a felony for behavior which led to the University's adverse action against Petitioner. The University terminated Petitioner's employment on August 1, 2017.

Petitioner filed his Petition for Alternative Writ of Mandate on October 9, 2017. Respondents University and Dr. Underwood filed their Opposition to the Petition on October 12, 2017.

The Court, in an abundance of caution, ordered all parties to submit briefing on the issue of the Court's jurisdiction, and whether Petitioner exhausted his administrative remedies before filing his Petition. Petitioner and Respondents University and Dr. Underwood submitted briefings on December 19, 2017. Respondents University and Dr. Underwood filed their Response to Petitioner's Brief on December 29, 2017. Respondent University of Guam Faculty Local 6282 ("Local 6282") filed its brief on December 29, 2017. Petitioner filed his response to Respondents' briefs on January 5, 2018, and Respondent Local 6282 filed its Reply to the Parties' Response on January 5, 2018.

The Court held a hearing on the issue of the Court's jurisdiction on January 26, 2018. At the hearing, all parties rested on their briefs. At the conclusion of the hearing, the Court took this matter under advisement.

## DISCUSSION

The United States Supreme Court, in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), ruled that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. at 514. The Arbaugh court ruled that, if a court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id. The Court will execute its duty to examine the question of the Superior Court's subject-matter jurisdiction in this matter.

The Court finds the points and authorities cited by Respondents University and Dr. Underwood in their brief regarding jurisdiction to be extremely persuasive. In the interest of judicial economy, the Court adopts all the points and authorities cited by Respondents University and Dr. Underwood in their brief filed on December 19, 2017. Therefore, the Court finds that Petitioner was required to exhaust his administrative remedies prior to filing his Petition for Alternative Writ of Mandate. The Court further finds that Petitioner failed to exhaust those administrative remedies by failing to seek an appeal or reconsideration of his dismissal and by failing to file a claim under the Government Claims Act. By virtue of Petitioner failing to exhaust his administrative remedies, the Court finds that the Court lacks subject-matter jurisdiction in this matter. Accordingly, the Court DENIES and DISMISSES with prejudice Petitioner's Petition for Alternative Writ of Mandate for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court DENIES and DISMISSES Petitioner's Petition for Alternative Writ of Mandate with prejudice for lack of subject-matter jurisdiction.

**SO ORDERED** _____ JAN 3 0 2018 _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BO.
I acknowledge that a copy of the
original hereto was placed in the
court box of:
D. Somerfleck, Mitch
Thompson & Braddok Huesman.
Date: 1 30 18 Time: 1:30 pm

Deputy Clerk, Superior Court of Guam